**Renato DE LA CRUZ DE GUZMAN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 01–71435.

INS No. A72–514–650.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.*

Decided Nov. 13, 2002.

Before CANBY, GOULD and BERZON, Circuit Judges.

MEMORANDUM **

Renato De La Cruz De Guzman, a native and citizen of the Philippines, petitions this court for review of a Board of Immigration Appeals (BIA) decision dismissing his appeal of an Immigration Judge's (IJ's) denial of his motion to reopen his deporta-

tion proceedings. The BIA issued its decision after October 31, 1996, and proceedings commenced before April 1, 1997. We therefore have jurisdiction under former Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), as modified by the transitional rules set forth in Section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009–546 ("IIRIRA"). *Kalaw v. INS*, 133 F.3d 1147, 1149–50 (9th Cir.1997).

We review for abuse of discretion the BIA's denial of a motion to reopen. *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). Because the BIA did not abuse its discretion in this case, we deny Mr. De Guzman's petition for review. As the parties are familiar with the facts, we discuss only those necessary to our analysis.

At a hearing held on April 12, 1996, Mr. De Guzman elected not to pursue his application for asylum and withholding of deportation and applied instead for voluntary departure. The record of the hearing reflects that Mr. De Guzman gave up these two avenues for relief anticipating that he would file for a third, suspension of deportation, in November, when he would have become eligible for such relief under the law then in effect. *See* 8 U.S.C. § 1254(a)(1) (1995). The hearing concluded with an order issued by the IJ granting Mr. De Guzman until December 30, 1996 to depart voluntarily. At the time of this hearing there was no time limit on motions to reopen. 8 C.F.R. § 3.2 (1995).

Seventeen days later, new regulations were published, to be effective on July 1, 1996. *See* 61 Fed.Reg. 18900 (Apr. 29, 1996). These changes limited the time period for motions to reopen to the later of 90 days after the final administrative decision or September 30, 1996. For Mr. De Guzman, this meant a September 30, 1996 deadline.

Until IIRIRA was enacted, coincidentally also on September 30, 1996, Mr. De Guzman remained eligible for suspension of deportation. Nonetheless, there was no doubt, under the regulations effective on July 1, 1996, that any motion to reopen Mr. De Guzman's case had to be filed by September 30, 1996.

Any retroactive effect the legal changes after Mr. De Guzman's April 12, 1996 deportation hearing had on his case did not violate due process. The "bargain" made by Mr. De Guzman to apply for suspension after November 1996 was undone by the regulations when they became effective, not by IIRIRA. At that point, he should have acted to attempt to vindicate his reliance interest before the September 30, 1996 deadline passed. He had an opportunity before that deadline to ask the IJ to undo the waiver of potential asylum and withholding relief to which he had consented at the deportation hearing. Had Mr. De Guzman filed a motion before the September 30, 1996 deadline, his course of action would, at the very least, have clarified his options (and preserved issues for the BIA and this court to review). Mr. De Guzman's motion to reopen of December 4, 1996 was therefore untimely.

Further, as noted by the BIA, that motion sought reopening in order to pursue a suspension of deportation remedy. Before this court, Mr. De Guzman does not seek that relief. Instead, he asks for "the relief of asylum and withholding of deportation that he had abandoned prior to the passing of [the new regulations]." Even if the motion to reopen deadline had not been missed, we would now lack jurisdiction to review Mr. De Guzman's requested relief, because he did not first present it to the BIA. *See Wang v. Reno*, 81 F.3d 808, 814 (9th Cir.1996).

Counsel entered an appearance as attorney for Mr. De Guzman on September 25,

1996. We do not address any potential claim that counsel's failure to file a motion to reopen deportation proceedings before September 30, 1996 may have constituted ineffective assistance to Mr. De Guzman.

The petition for review is therefore DENIED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.